Eric Stephenson (9779)
WHITE AND GARNER
10 West 100 South, Suite 450
Salt Lake City, Utah 84101
Phone: (801) 849-9300
Email: eric.stephenson@utahtriallawyers.com

Yitzchak Zelman, Esq. (To be Admitted Pro Hac Vice)
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SHAWN GLOCK, <br><br> Plaintiff, <br><br> vs. <br><br> KNIGHT ADJUSTMENT BUREAU, <br><br> Defendant. | **CLASS ACTION COMPLAINT** <br><br><br> JURY TRIAL DEMANDED <br><br> Case Number: |

Plaintiff, SHAWN GLOCK (hereinafter, "Plaintiff"), a Utah resident, brings this Class Action Complaint by and through the undersigned attorneys against Defendant KNIGHT ADJUSTMENT BUREAU (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices

contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Utah consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of Utah, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a corporation with its registered offices located at 5525 South 900 East Suite 215, Salt Lake City, Utah 84117.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Some time prior to August 24, 2017, an obligation was allegedly incurred to MOUNTAIN AMERICA CU FINANCIAL.

13. The MOUNTAIN AMERICA CU FINANCIAL obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. The alleged MOUNTAIN AMERICA CU FINANCIAL obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. MOUNTAIN AMERICA CU FINANCIAL is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. The MOUNTAIN AMERICA CU FINANCIAL debt directly or through an intermediary contracted the Defendant to collect the alleged debt.

17. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect

debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

18. On or about August 24, 2017, Defendant sent a letter (the "Letter") to the Plaintiff a collection letter regarding the alleged debt owed to MOUNTAIN AMERICA CU FINANCIAL. *See* **Exhibit A.**

19. Plaintiff received the letter and read it.

20. The Letter states in part:

    "Amount: $683.34"

21. Upon information and belief, interest, late fees, and/or other charges were accruing daily on the alleged debt.

22. The Defendant failed to notify the Plaintiff in the Letter that interest, late fees, or other charges were accruing.

23. The Defendant further failed to notify the Plaintiff that if payment of $683.34 was made, that Plaintiff may not have paid off his alleged debt in full as additional charges were continuing to accrue.

24. In *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC*, 214 F. 3d 872 (7th Cir. 2000), the 7th Circuit sets forth a requirement of a debt collector to notify consumers that the amount of the debt is increasing due to interest, late fees, or other charges "in cases like this where the amount varies from day to day." *Id.* at 876.

25. The August 24, 2017 letter further stated:

    "You may now pay your bill to Knight Adjustment Bureau at its office, by mail or for an additional service charge, by logging on to knightadj.com..."

26. Upon information and belief, the underlying agreement creating the alleged debt did not

expressly authorize Defendant to add a service charge to the balance due simply for making a payment on its website.

27. Upon information and belief, there is no law in Utah that expressly permits Defendant to add a service charge to the balance due on a debt.

28. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

29. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

30. Debt collectors have an obligation, and consumers have an information right, to be accurately told the amount of the debt.

## CLASS ALLEGATIONS

31. Plaintiff brings this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

32. Class A consists of (a) all individuals with addresses in the state of Utah (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt owed to MOUNTAIN AMERICA CU FINANCIAL (d) in which interest, late fees, or other charges were accruing (e) which failed to notify the consumer that interest, late fees, or other charges were accruing (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

33. Class B consists of (a) all individuals with addresses in the state of Utah (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt owed to MOUNTAIN AMERICA CU FINANCIAL (d) which attempts to add a service charge for making a payment via Defendant's website (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this

action.

34. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

35. Excluded from the Plaintiff Classes are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

36. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibits A,* violate 15 U.S.C. §§ 1692e and 1692f.

37. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

38. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

39. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above is so numerous that joinder of all members

would be impractical.

(b) **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e and 1692f.

(c) **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

40. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also

appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. Defendant violated said section by:

- Falsely representing the amount of the debt in violation of §1692e(2)
- Making a false and misleading representation in violation of §1692e(10).

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §1692f**

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

49. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect a debt.

50. Defendant violated said section by:

    - Attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law pursuant to 1692f(1).

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Classes statutory damages;

(c) Awarding Plaintiff and the Classes actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Classes such other and further relief as this

Court may deem just and proper.

Dated: August 17, 2018

             By: /s/ Eric Stephenson
                Eric Stephenson, Esq.
                WHITE AND GARNER
                10 West 100 South, Suite 450
                Salt Lake City, Utah 84101
                Phone: (801) 849-9300
                Email: eric@utahjustice.com

                **PRO HAC VICE MOTION TO BE FILED**
                /s/ Yitzchak Zelman
                Yitzchak Zelman, Esq.
                MARCUS & ZELMAN, LLC
                701 Cookman Avenue, Suite 300
                Asbury Park, New Jersey 07712
                Phone: (732) 695-3282
                Email: yzelman@marcuszelman.com
                *Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  August 17, 2018

                            By: /s/ Eric Stephenson